IN THE UNTED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY DAVILA<br>557 Lindley Avenue<br>Philadelphia, PA 19120<br><br>        Plaintiff,<br><br>v.<br><br>PETSMART, INC. D/B/A PETSMART<br>1745 W Bethany Home Rd.<br>Phoenix, AZ 85015<br><br>        Defendant. | :<br>:<br>:   CIVIL ACTION<br>:<br>:   No.:<br>:<br>:<br>:   **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>: |

**CIVIL ACTION COMPLAINT**

Nancy Davila (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by PetSmart, Inc. d/b/a PetSmart (*hereinafter* "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.), the Equal Pay Act ("EPA"), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII/. Plaintiff's PHRA and PFPO claims however will mirror identically her federal claims under Title VII.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address set forth in the caption.

8. PetSmart, Inc. is a specialty pet retailer, is headquartered at the location set forth in the above-caption and has many locations throughout the country, including the location in Philadelphia, PA at which Plaintiff worked.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a female individual.

12. Plaintiff was hired by Defendant in or about August 2014.

13. In total, Plaintiff worked for Defendant for almost seven (7) years, until her termination in June 2021.

14. Plaintiff worked for Defendant as a full-time Assistant Manager at Defendant's 4640 E. Roosevelt Blvd Philadelphia, PA location.

15. During the last few years of her employment, Plaintiff was supervised by Cathleen Downes, Store Manager.

16. Plaintiff was qualified for her job, as she possessed the requisite skill, education and experience to perform it.

17. Plaintiff performed her job satisfactorily and was issued positive feedback by Defendant's management.

18. Plaintiff developed great working relationships with her colleagues and was always willing to help in the store whenever it was needed.

19. In or about March of 2021, Defendant hired a male employee (Mike Crowley) to work as an Assistant Manager (the same position Plaintiff held) at the same location at which Plaintiff worked.

20. Mr. Crowley had much less experience, seniority and skill than Plaintiff and had not previously worked for Defendant.

21. However, Defendant hired Mr. Crowley and paid him $8.00 more per hour than Plaintiff.

22. Plaintiff performed many more job duties/functions than Mr. Crowley and was able to communicate in Spanish with Spanish-speaking customers (as Plaintiff speaks Spanish). Crowley was not able to do so.

23. Plaintiff learned about this pay disparity because she was responsible for handling payroll.

24. In or about the Spring of 2021, Plaintiff expressed complaints to Ms. Downes, Lacey (last name unknown- District Leader) and Naomi Connelly (Corporate Human Resources) about the unfair pay issue, including telling them that it was unfair that a newly hired male employee with much less experience was getting paid a lot more than she was and that she felt that she was being treated unfairly because of her gender.

25. During this conversation, Plaintiff also referenced the Equal Pay Act and stated that she felt like Defendant was violating the law. Plaintiff asked that her pay be adjusted to be equal to her newly hired male colleague.

26. In response, Downes was visibly annoyed and angry with Plaintiff.

27. Defendant did not adjust Plaintiff's hourly rate or otherwise pay Plaintiff the same as Mr. Crowley.

28. Almost immediately after Plaintiff made these complaints, Downes began treating Plaintiff very rudely (including but not limited to speaking to her in a rude, cold manner), scrutinizing her work (by, for example, accusing Plaintiff of failing to perform certain duties

despite that Plaintiff had, in fact, performed the duties) and falsely accusing Plaintiff of having an "attitude," which was untrue.

29. Plaintiff also observed that Downes did not treat Crowley rudely or with animosity. Instead, Plaintiff observed Downes speak to and interact with Crowley in a friendly and professional manner.

30. Downes' antagonistic treatment of Plaintiff occurred on a weekly basis from in or about late March 2021 to June 2021.

31. Plaintiff was offended and hurt by Downes' treatment of her, especially considering Plaintiff's lengthy tenure with and dedication to the company.

32. In or about June 2021, Plaintiff complained to Downes that she felt like Downes was harassing her because she complained about gender discrimination and unequal pay.

33. In response, Downes failed to address or resolve the issue.

34. On or about June 25, 2021, Plaintiff then contacted Ms. Connelly again and informed her that Downes was harassing her and retaliating against her because she complained about unfair pay/gender discrimination.

35. During this discussion, Plaintiff also told Connelly that if Downes did not stop harassing/discriminating against her, she might resign in three months when their colleague returned from maternity leave.

36. Ms. Connelly then asked Plaintiff whether she would consider transferring to another location.

37. Plaintiff told Ms. Connelly that she would think about it but that she preferred to stay in the store at which she was working because she had been there for many years and had good relationships with the customers and employees (aside from the issues with Downes).

38. Later that day, on or about June 25, 2021, Plaintiff had another discussion with Downes during which she told Downes that she thought Downes was harassing her ever since she raised the equal pay concerns and that if Downes did not stop harassing her, she may resign in three months when their colleague returned from maternity leave.

39. Plaintiff did not tell Downes she was resigning, did not tender her resignation, did not quit or otherwise voluntarily stop working for Defendant.

40. She merely conveyed to Connelly and then Downes that if Downes did not stop harassing/retaliating against her, she may be forced to resign.

41. Plaintiff made these statements in the context of her complaints of discrimination and retaliation.

42. Immediately upon Plaintiff's final complaint of discrimination to Downes, Downes told Plaintiff that she was "accepting" Plaintiff's alleged "resignation."

43. In response, Plaintiff told Downes that she did not resign or quit and that she was going to continue to perform her job.[2]

44. Downes demanded Plaintiff's keys and told her to go sit in the breakroom. Plaintiff complied but reiterated that she did not quit or resign.

45. Plaintiff then sent a text message to Lacey (Defendant's District Leader) explaining that Downes was claiming she quit when she never did so.

46. Plaintiff sat in the breakroom for 1-2 hours waiting for HR to respond to this issue.

---

[2] Accepting Defendant's faulty logic, an employee could illegally be retaliated against and claimed to resign anytime they say "I can't work in this environment," "this has to stop, or I'm going to quit," "I can't work under these conditions," etc… - - all in the context of trying to raise legitimate discrimination or illegal harassment claims to an employer. Under no interpretation of the law is this an actual resignation. Instead, it constitutes an employer refusing to correct unlawful conditions, refusing to investigate, and engaging in retaliation by claiming such a complaint is a resignation.

47. HR then contacted Plaintiff and told her that they were treating her as having verbally resigned and would be sending her a severance agreement.

48. Plaintiff was then sent an unsolicited severance agreement which required her to waive all legal claims against Defendant.

49. To Plaintiff's knowledge, Defendant's policies/practices do not require the offer of severance and offering them is not a standard or usual practice.

50. Plaintiff was then forced to leave the workplace and told she could not return to work.

51. Thus, Plaintiff was terminated by Defendant within hours of making final complaints of discrimination to Defendant.

52. After she was terminated, Plaintiff's work was performed by Crowley (male employee).

53. Plaintiff believes and therefore avers that she was subjected to a hostile work environment and terminated because of her (1) her gender; and (2) her expressed concerns of gender discrimination and unequal pay.

## COUNT I
## Violations of Title VII
### ([1] Gender Discrimination (Hostile Work Environment and Wrongful Termination); [2] Unequal Pay; and [3] Retaliation)

54. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55. Plaintiff was treated disparately with respect to the terms and conditions or her employment, her compensation and termination contrary to her male colleagues.

56. Plaintiff complained to Defendant about gender discrimination, including on the very day of her termination.

57. After Plaintiff was terminated, her work was performed by a male employee.

58. Plaintiff believes and therefore avers that she terminated from her employment with Defendant because of her (1) her gender and/or (1) her complaints of gender discrimination and unequal pay.

59. These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

## COUNT II
### Violations of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3) [the Equal Pay Act - "EPA"]
**(Discrimination & Retaliation)**

60. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

61. Plaintiff was not properly paid an equal hourly rate/salary compared to her male counterparts despite the fact that, upon information and belief, Plaintiff's experience, skills, and seniority were the same, similar, or better than said male counterparts.

62. Plaintiff complained to Defendant hat she believed she was not being paid the same or similar salary and/or other employment benefits as her male counterparts because of her gender.

63. Plaintiff's aforesaid complaints under the Equal Pay Act were never properly investigated or resolved by Defendant's management.

64. Instead, Plaintiff was retaliated against and terminated for complaining of unequal pay based upon her gender.

65. These actions as foresaid constitute violations of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation; and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
Jeremy M. Cerutti, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 14, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Nancy Davila | : | CIVIL ACTION |
| v. | : | |
| Petsmart, Inc. d/b/a Petsmart | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 1/14/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 557 Lindley Avenue, Philadelphia, PA 19120

Address of Defendant: 1745 W. Bethany Home Road, Phoenix, AZ 85015

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes [ ] No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes [ ] No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes [ ] No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes [ ] No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/14/2022   _____   ARK2484 / 91538
                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| A. | *Federal Question Cases:* | B. | *Diversity Jurisdiction Cases:* |
|---|---|---|---|
| [ ] 1. | Indemnity Contract, Marine Contract, and All Other Contracts | [ ] 1. | Insurance Contract and Other Contracts |
| [ ] 2. | FELA | [ ] 2. | Airplane Personal Injury |
| [ ] 3. | Jones Act-Personal Injury | [ ] 3. | Assault, Defamation |
| [ ] 4. | Antitrust | [ ] 4. | Marine Personal Injury |
| [ ] 5. | Patent | [ ] 5. | Motor Vehicle Personal Injury |
| [ ] 6. | Labor-Management Relations | [ ] 6. | Other Personal Injury *(Please specify)*: _____ |
| [X] 7. | Civil Rights | [ ] 7. | Products Liability |
| [ ] 8. | Habeas Corpus | [ ] 8. | Products Liability – Asbestos |
| [ ] 9. | Securities Act(s) Cases | [ ] 9. | All other Diversity Cases *(Please specify)*: _____ |
| [ ] 10. | Social Security Review Cases | | |
| [ ] 11. | All other Federal Question Cases *(Please specify)*: _____ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 1/14/2022   _____   ARK2484 / 91538
                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVILA, NANCY

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
PETSMART, INC. D/B/A PETSMART

County of Residence of First Listed Defendant: Maricopa
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | [X] 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)
Brief description of cause:
Violations of Title VII, EPA, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/14/2022
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

[Print]  [Save As...]  [Reset]